# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Barry Harris,

Plaintiff

v.

The State of Nevada Office of Attorney General, et al.,

Defendants

Case No.: 2:25-cv-01154-JAD-NJK

**Order Denying Request for Reconsideration, and Extending Deadline to File Amended Complaint to December 16, 2026**

On June 4, 2026, I screened plaintiff Barry Harris's complaint under 28 U.S.C. § 1915A[1] and dismissed it without prejudice and with leave to amend by July 17, 2026. I explained that it was not entirely clear what Harris was alleging in the complaint, but that if he was "alleging that Jesus Christ literally appeared in the courtroom and offered to represent him and the defendants refused," such an allegation would be fantastical or delusional. I also explained that Harris could bring a claim that would challenge the validity of his conviction in a civil-rights action brought under 42 U.S.C. § 1983. Instead of filing an amended complaint, Harris filed a document titled "Memorandum to the Courts."[2] In this document, Harris objects to the dismissal of the complaint. I liberally construe this document as a motion for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision."[3] Reconsideration is appropriate if the court "(1) is presented

[1] ECF No 4.

[2] ECF No. 6.

[3] *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[4] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[5]

As with the complaint, it is not entirely clear what plaintiff is trying to say in his request for reconsideration. He first notes that the Nevada Constitution states that the people of the State of Nevada are grateful to "Almighty God."[6] He appears to argue that this means that he is not delusional. However, at no point in the screening order did I state that belief in God is delusional or that Harris is delusional. I stated only that if Harris were alleging that Jesus Christ literally appeared in a courtroom and offered to represent him, such an allegation would be delusional.

Harris also states that I did not properly address his allegations about being forced into a contract.[7] As explained in the screening order, Harris's allegations were not entirely clear. If he believes that I did not sufficiently address a claim that he was trying to bring, then he is free to bring that claim in an amended complaint and explain the basis of his claim more clearly. However, if the basis for Harris's claim is that the defendants interfered with his right to contract by preventing him from literally hiring Jesus Christ as his attorney, then I note that I do not credit such a factual allegation.

Finally, as explained in the screening order, Harris cannot challenge his conviction in an action brought under 42 U.S.C. § 1983, and any claim that would invalidate his conviction is

---

[4] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] ECF No. 6 at 1.

[7] *Id.* at 2.

barred unless his conviction has already been invalidated.[8] Therefore, even if I credited Harris's allegation that his right to choose an attorney was violated when the defendants refused to allow him to hire Jesus Christ as his attorney, such a claim would be barred in this 42 U.S.C. § 1983 action unless Harris's conviction has already been invalidated.

In sum, nothing in Harris's Memorandum to the Courts persuades me to reconsider my previous screening order. If Harris believes that I misunderstood or did not fully address any claims that he was trying to bring, he is welcome to explain those claims more clearly in an amended complaint. However, I reiterate that Harris cannot challenge his conviction in this case, and he cannot proceed with any claims if success on those claims would demonstrate that his conviction was invalidly obtained, unless his conviction has already been overturned.

IT IS THEREFORE ORDERED that Harris's Memorandum to the Courts is liberally construed as a motion for reconsideration, and I deny [ECF No. 6] it.

IT IS FURTHER ORDERED that the deadline for Harris to file a first amended complaint is extended sua sponte until December 16, 2026. **If Harris does not file an amended complaint by December 16, 2026, this action will be subject to dismissal without further prior order.**

Dated: November 16, 2026

U.S. District Judge

[8] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994).